UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

FEI HANG CHEN, TAI HO WAN, LAN LIN,
WEI JIAN MA, HONG HUI SU, DANNY WONG
a/k/a TIN CHO WONG, WAN YA WONG, WEI HUA WU,
XUE BIN ZHANG, YING JUN ZHAO, ZEN QUAN ZHAO,
ZHONG LIU, and YOU SI HUANG,

                              Plaintiffs,

     - against -

JING FONG RESTAURANT, INC., SHUI LING LAM,
YAU MING LAM, CHUN TSUI, CHUNG KO CHENG,
POK MAN LEUNG, and K. MING LAM,

                              Defendants.

------------------------------------------------------------x

**ECF Case**

Case No. 08-CV-5404 (DC)

**FIRST AMENDED COMPLAINT**

## PRELIMINARY STATEMENT

1.    This is a proceeding to recover damages for violations of Federal and New York law governing minimum wages, overtime pay and the ownership of gratuities.

2.    Plaintiffs work as waiters, captains, busboys, and dish transporter, at the Jing Fong Restaurant, Inc. ("Jing Fong"), owned and operated by the individual Defendants in New York, New York. Jing Fong was the subject of litigation in 1997 raising the same issues raised here.

3.    The 1997 litigation was settled with a monetary payment to the employees and an assurance Jing Fong would comply with all applicable federal and state minimum wage and tip allocation laws. Jing Fong has ignored its promise to comply with the law, and ignored the laws that protect workers like the Plaintiffs compelling Plaintiffs to bring this action.

4.    As described herein, Defendants failed to pay Plaintiffs minimum wages and overtime wages as required under state and federal law.

5. Defendants also illegally retained a portion of gratuities that the Plaintiffs earned during their employment and were entitled to retain.

6. In addition, Defendants illegally imposed an involuntary tip pooling system that allocated tips pursuant to the discretion of the Defendants rather than determination by the recipients of the tips.

7. Finally, Defendants failed to reimburse Plaintiffs for the costs of purchasing and cleaning required uniforms, in violation of state and federal law.

8. Defendants committed each of this actions in willful violation of their legal obligations and in violation of the terms of Jing Fong's October 1997 Settlement Agreement in the prior litigation, Chan v. Jing Fong Restaurant, Inc., 97 Civ. 0388 (JSR), and its Assurance of Discontinuance with the Attorney General of the State of New York, under which Jing Fong promised to abide by relevant sections of the Ne York State Labor Law.

9. Due to Defendants' continuing violations of federal and state law and the breach of their promises under the Settlement Agreement and Assurance of Discontinuance, Plaintiffs are entitled to: (1) unpaid minimum wages; (2) unpaid overtime differential; (3) reimbursement for gratuities unlawfully retained or distributed by Defendants; (4) reimbursement for the costs of purchasing and/or cleaning required uniforms; (5) liquidated damages; and (6) attorneys' fees and costs as provided by statute.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over Plaintiffs' federal claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 and 28 U.S.C. § 1331.

11. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

12. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b).

## PARTIES

### Plaintiffs

13. Plaintiff Fei Hang Chen has been employed by the Defendants as a waiter and head waiter at Jing Fong Restaurant from approximately August 1995 to present.

14. Plaintiff Tai Ho Wan has been employed by the Defendants as a waiter and headwaiter at Jing Fong Restaurant from approximately September 2004 to present.

15. Plaintiff Lan Lin has been employed by the Defendants as a waiter at Jing Fong Restaurant from approximately March 1997 to present.

16. Plaintiff Wei Jian Ma has been employed by the Defendants as a busboy and waiter at Jing Fong Restaurant from approximately May 2004 to present.

17. Plaintiff Hong Hui Su has been employed by the Defendants as a waiter, dish transporter, assistant team leader, and team leader of dish transportation at Jing Fong Restaurant from approximately February 2005 to present.

18. Plaintiff Danny Wong aka Tin Cho Wong has been employed by the Defendants as an Assistant Captain and a Captain at Jing Fong Restaurant from approximately May 2004 to July 31, 2007.

19. Plaintiff Wan Ya Wong has been employed by the Defendants as an Assistant Captain at Jing Fong Restaurant from approximately June 1993 to present.

20. Plaintiff Wei Hua Wu has been employed by the Defendants as a busboy, waiter, headwaiter and assistant captain at Jing Fong Restaurant from approximately April 1993 to present.

21. Plaintiff Xue Bin Zhang has been employed by the Defendants as a busboy and waiter at Jing Fong Restaurant from approximately October 1993 to present.

22. Plaintiff Ying Jun Zhao has been employed by the Defendants as a waiter, assistant captain and captain at Jing Fong Restaurant from approximately December 1992 to present.

23. Plaintiff Zen Quan Zhao has been employed by the Defendants as a Captain at Jing Fong Restaurant from approximately May 2004 to present.

24. Plaintiff Zhong Liu has been employed by the Defendants as a busboy, waiter and headwaiter at Jing Fong Restaurant from approximately January 1993 to present.

25. Plaintiff You Si Huang was employed by the Defendants as a busboy and waiter at Jing Fong Restaurant from before June 2002 to about June 2006.

**Defendants**

26. Upon information and belief, Jing Fong Restaurant, Inc. is a New York corporation with a principal place of business at 20 Elizabeth Street, New York, New York.

27. Upon information and belief, Jing Fong Restaurant, Inc. operates a restaurant that does business under the name "Jing Fong Restaurant" at 20 Elizabeth Street, New York.

28. Defendant Shui Ling Lam, on information and belief, is an owner, shareholder, and Chair of the Board of Jing Fong Restaurant, Inc. On information and belief, at all times relevant to the allegations herein, he had the power to hire and fire employees at the Jing Fong Restaurant, establish their wages, set their work schedules, and maintain their employment records.

29. Defendant Yau Ming Lam, on information and belief, is an owner, shareholder, and general manager of Jing Fong Restaurant, Inc. On information and belief, at all times relevant to the allegations herein, he had the power to hire and fire employees at the Jing Fong

4

Restaurant, establish their wages, set their work schedules, and maintain their employment records.

30. Defendant Chun Tsui, on information and belief, is an owner and manager of Jing Fong Restaurant, Inc. On information and belief, at all times relevant to the allegations herein, he had the power to hire and fire employees at the Jing Fong Restaurant, Inc. establish their wages, set their work schedules, and maintain their employment records.

31. Defendant Chung Ko Cheung, on information and belief, is an owner and manager of Jing Fong's Restaurant, Inc. On information and belief, at all times relevant to the allegations herein, he had the power to hire and fire employees at the Jing Fong Restaurant, Inc. establish their wages, set their work schedules, and maintain their employment records.

32. Defendant Pok Man Leung, on information and belief, is an owner and manager of Jing Fong's Restaurant, Inc. On information and belief, at all times relevant to the allegations herein, he had the power to hire and fire employees at the Jing Fong Restaurant, Inc. establish their wages, set their work schedules, and maintain their employment records.

33. Defendant K. Ming Lam, on information and belief, is an owner and manager of Jing Fong's Restaurant, Inc. On information and belief, at all times relevant to the allegations herein, he had the power to hire and fire employees at the Jing Fong Restaurant, Inc. establish their wages, set their work schedules, and maintain their employment records.

## STATEMENT OF FACTS

34. Plaintiffs have been employed as waiters, captains, busboys, and dish transporter by Defendants at the Jing Fong Restaurant, Inc. beginning at various times as early as approximately January 1993, and are currently employed there today, as described above.

35. Defendants are aware of federal and state labor law requirements regarding minimum wage and tip distribution, and have been found guilty of violating them before.

36. In January 1997, the Attorney General of the State of New York brought a proceeding against Defendant Jing Fong Restaurant, Inc. for violations of New York State labor laws relating to its wage and tipping payment practices. A group of waiter-employees brought a companion suit in this Court alleging violations of both federal and state labor laws.

37. On or about October 29, 1997, Defendant Jing Fong Restaurant, Inc. entered into an Assurance of Discontinuance pursuant to Executive Law Section 63(15) (the "Assurance of Discontinuance") with the Attorney General of the State of New York.

38. On or about October 30, 1997, Defendant Jing Fong Restaurant, Inc. entered into a Settlement Agreement with the group of Jing Fong waiter-employees in regard to the suit brought in this Court.

39. The Assurance of Discontinuance and Settlement Agreement required Jing Fong to pay $1,145,000 in restitution and damages to the Attorney General to be distributed to Jing Fong waiters and busboys employed at the restaurant during the relevant time.

40. The Assurance of Discontinuance required Jing Fong to refrain from all violations of Labor Law Section 652(2) and 12 NYCRR Sections 137-1.4, and pay all persons employed by the restaurant the proper minimum wage and overtime wage required by law.

41. The Assurance of Discontinuance required Jing Fong to refrain from all violations of Labor Law Section 196-d and explicitly obligates Jing Fong not to accept or retain, directly or indirectly, any part of the gratuities received by any employee of the restaurant; not to direct or participate in the tip collection and distribution process, and mandates that the tip distribution process be solely determined by and operated by all of directly tipped employees at the restaurant.

42. As part of its settlement of claims, Jing Fong agreed to refrain from all violations of the FLSA 29 U.S.C.§§ 201 et seq., and the New York Labor law §§ 190 et seq. and §§650 et

seq., and § 215 and to pay the plaintiffs proper minimum wages and overtime. The Settlement Agreement also provides that if Jing Fong intends to take the tip credit, it must inform plaintiffs of section 203(m) of the FLSA; must not demand, accept, or retain, directly or indirectly, any of the tips received by plaintiffs, nor direct or participate in the tip collection and distribution process; must not deduct money from plaintiffs' wages without their written consent; must maintain wage and hour records for plaintiff, and must reimburse plaintiffs for the cost and maintenance of uniforms.

43. At all relevant times, the Fair Labor Standards Act, 29 U.S.C. § 206, required the Defendants to pay the Plaintiffs a minimum wage of $5.15 per hour (9/1/97 to 7/23/07), $5.85 per hour (7/24/07 to 7/23/08), and $6.55 per hour (7/24/08 to 7/23/09).

44. At all relevant times, the New York Minimum Wage Act, N.Y. Lab. Law § 652, 12 NY OCCRR Part 137-1.2, required Defendants to pay Plaintiffs a minimum wage of $5.15 per hour (4/1/00 to 12/31/04), $6.00 per hour (1/1/05 to 12/31/05), $6.75 per hour (1/1/06 to 12/31/06), and $7.15 per hour (on and after 1/1/07).

45. Notwithstanding the settlement of the prior state and federal actions, Defendants continued to violate the state and federal wage laws in various ways, described below.

46. First, Defendants illegally retained a portion of the "service charge" they assessed their "banquet customers", rather than treating the charge as a gratuity payable to the Plaintiffs, in violation of New York Labor Law Section 196-d. New York Labor Law prohibits employers from retaining "any part of a gratuity or of any charge purported to be a gratuity for an employee." New York Labor Law Section 196-d. The statute's purpose is to ensure service employees actually receive the tips given to them by the public and to prohibit employers from engaging in the deceptive practice of confiscating tips in order to pay wages. The "service charge" paid by customers is considered a "gratuity" under New York law, because, among other

things, the Defendants represented or allowed their customers to believe that the charges were in fact gratuities for their employees.

47. <u>Second</u>, Defendants illegally used the gratuity pool to pay restaurant expenses, in violation of New York Labor Law Section 196-d, by taking a portion of the tip pool and using it to pay a fixed portion of the salaries of part-time busboys and dim sum servers. New York law prohibits an employer from "directly or indirectly" demanding or accepting employee gratuities. New York Labor Law Section 196-d.

48. <u>Third</u>, Defendants' violation of New York Labor Law Section 196-d, by retaining a part of the gratuities, rendered Defendants ineligible to receive the tip credit required to satisfy New York overtime and minimum wage laws. New York law permits an employer to pay tipped employees at an hourly rate that is less than the minimum wage, provided that the employee receives the tips and that the tips when added to the cash wage are equal to or exceed the minimum wage in effect. Defendants' retention of a portion of the gratuity made Defendants ineligible to receive the tip credit. New York Labor Law Section 652(4). Therefore, the wages paid to the Plaintiffs did not satisfy New York minimum wage or overtime wage requirements.

49. <u>Fourth</u>, Defendants improperly took a tip credit under federal law and, in so doing, violated federal overtime and minimum wage laws. Federal law permits an employer to pay tipped employees an hourly rate less than the federal minimum wage, by allowing an employer to credit a portion of the actual amount of tips received by the employee against the required hourly minimum wages, only if the employer has informed the tipped employee of the statutory requirements related to the tip credit, and all tips received by such employee have been retained by the employee. Tips can be pooled but only among employees who customarily and regularly receive tips. 29 U.S.C. § 203(m). Defendants violated the foregoing requirements for taking a tip credit under federal law, because Defendants failed to adequately inform employees

of the statutory requirements related to the tip credit, and tips from the tip pool were distributed to employees who do not customarily and regularly receive tips.

50.     <u>Fifth</u>, Defendants violated federal wage laws by paying a fixed portion of the wages of the part-time workers out of the tip pool.

51.     <u>Sixth</u>, Defendants violated federal wage laws by improperly exerting influence over the distribution of the tip pool, and setting or directing the allocation and distribution, including but not limited to a fixed portion to the dim sum servers.

52.     <u>Seventh</u>, Defendants violated New York law by failing to reimburse Plaintiffs for the cost of purchasing and maintaining required employee uniforms, including special jackets, which would not be worn as part of the employees' ordinary wardrobe.

## FIRST CAUSE OF ACTION
### (Minimum Wages Under the Fair Labor Standards Act)

53.     Plaintiffs repeat and reallege all the allegations in the paragraphs above.

54.     At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of the FLSA, specifically 29 U.S.C. § 203.

55.     At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce, or were employed by an enterprise engaged in commerce or in the production of goods for commerce within the meaning of FLSA.

56.     Defendants failed to pay Plaintiffs at the applicable minimum hourly wage, in violation of 29 U.S.C. § 206(a).

57.     Due to Defendants' Fair Labor Standards Act violations, Plaintiffs are entitled to recover from Defendants, jointly and severally their unpaid minimum wages plus liquidated damages equal to their back-pay award and reasonable attorneys' fees and costs of the action.

## SECOND CAUSE OF ACTION
### (Minimum Wages Under New York Labor Law)

58.     Plaintiffs repeat and reallege all the allegations in the paragraphs above.

59.     At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

60.     Defendants failed to pay Plaintiffs at the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, N.Y.Lab.Law §652.

61.     Due to defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages, liquidated damages equal to one quarter or their back-pay award, and reasonable attorneys' fees and costs of the action, including interest.

## THIRD CAUSE OF ACTON
### (Overtime Wages Under the Fair Labor Standards Act)

62.     Plaintiffs repeat and reallege all the allegations in the paragraphs above.

63.     At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of the FLSA, specifically 29 U.S.C. § 203.

64.     At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce, or were employed by an enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA.

65.     Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty per week at a wage rate of one and one-half times the regular rate to which plaintiffs were entitled under 29 U.S.C. § 206(a), in violation of 29 U.S.C. § 207(a)(1).

66.     Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages plus liquidated damages equal to

their back-pay award and reasonable attorneys' fees and costs of the action pursuant to the Fair Labor Standards Act, specifically 29 U.S.C. § 216(b).

## FOURTH CAUSE OF ACTION
### (Overtime Wages Under New York Labor Law)

67. Plaintiffs repeat and reallege all the allegations in the paragraphs above.

68. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

69. Defendants failed to pay Plaintiffs overtime wages for all hours worked in excess of forty per week at a wage rate of one and one-half times the regular rate to which Plaintiffs were entitled, in violation of 12 N.Y.C.R.R. 137-1.3.

70. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages, liquidated damages equal to one quarter of their back-pay-award, and reasonable attorneys' fees and costs of the action, including interest.

## FIFTH CAUSE OF ACTION
### (Claim for Retained Gratuities Under the Fair Labor Standards Act)

71. Plaintiffs repeat and reallege all the allegations in the paragraphs above.

72. At all times relevant to this action, Plaintiffs were "tipped employee(s)" within the meaning 29 U.S.C. § 203(t).

73. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce, or were employed by an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

74. Defendants illegally retained a portion of the tip pool in violation of 29 U.S.C. § 203(m).

75. Defendants fail to inform plaintiffs of the provisions of 29 U.S.C. § 203(m).

76. Due to Defendants' Fair Labor Standards Act violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, damages in the amount of the full minimum wage and overtime pay in addition to gratuity payments that were retained by Defendants, plus liquidated damages equal to their monetary award, and reasonable attorneys' fees and costs of the action, pursuant to the Fair Labor Standards Act.

### SIXTH CAUSE OF ACTION
(Claim For Retained Gratuities Under New York Labor Law)

77. Plaintiffs repeat and reallege all the allegations in the paragraphs above.

78. At all times relevant to this action, Plaintiffs were employed by Defendants as food service workers and received from customers gratuities for their services.

79. At all times, Defendants controlled the tip collection and distribution process in violation of New York Labor Law § 196-d.

80. Defendants demanded and retained a portion of the gratuities, in violation of New York Labor Law § 196-d.

81. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, damages in the amount of the gratuity payments that were retained by Defendants, liquidated damages equal to one quarter of their back-pay award, and reasonable attorneys' fees and costs of the action, including interest, pursuant to New York Labor Law § 198.

### SEVENTH CAUSE OF ACTION
(Claim for Gratuities Controlled and Distributed by Defendants
Under FLSA and New York Labor Law)

82. Plaintiffs repeat and reallege all the allegations in the paragraphs above.

83. At all times relevant to this action, Plaintiffs were employed by Defendants as food service workers and received from customers gratuities for their services.

84. At all times, Defendants controlled the tip collection and distribution of tip shares or amounts, in violation of New York Labor Law § 196-d and FLSA, 29 U.S.C. § 203(m).

85. Due to Defendants' violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, damages in the amount of the unequal gratuity payments that were given to other employees by Defendants, liquidated damages and reasonable attorneys' fees and costs of the action, including interest pursuant to New York Labor Law § 198 and FLSA, 29 U.S.C. § 216(b).

## EIGHTH CAUSE OF ACTION
### (Reimbursement For Required Uniforms Under New York Labor Law)

86. Plaintiffs repeat and reallege all the allegations in the paragraphs above.

87. Defendants required Plaintiffs to purchase and maintain uniforms but failed to reimburse them for these uniform-related expenses or to compensate them, according to the New York Labor Law and the New York Minimum Wage Act and its regulations, specifically 12 N.Y.C.R.R. § 137-1.8 and 29 U.S.C. 2006.

88. Due to Defendants' violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, damages in the amount of the legally required reimbursements for the maintenance of uniforms, the cost of purchasing such uniforms, liquidated damages, and reasonable attorneys' fees and costs for the action, including interest, pursuant to New York Labor Law § 663(1) and 29 U.S.C. § 216(b).

## NINTH CAUSE OF ACTON
### (Compensation as Third Party Beneficiaries of Banquet Services Contracts)

89. Plaintiffs repeat and reallege all the allegations in the paragraphs above.

90. Defendants and the banquet customers of defendants ("Banquet Customers") entered into valid, binding contracts for banquet services, including the provision of gratuities to those of Plaintiffs who worked at each banquet so contracted.

91. Although Plaintiffs were not parties to said contracts, said contracts were intended for Plaintiffs' benefit in that said contracts were intended to provide gratuities to Plaintiffs for Plaintiffs' work at said banquets.

92. Within those contracts, the gratuity benefits to Plaintiffs were not incidental, thereby indicating the assumption by Defendants and Banquet Customers to ultimately provide those gratuities to Plaintiffs.

93. Nonetheless, in violation of said contracts, Defendants kept for themselves a portion of the gratuities which were to be provided to Plaintiffs, as third party beneficiaries.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in favor of Plaintiffs and against the Defendants for the following relief:

A. Plaintiffs' unpaid minimum wages due under the New York Minimum Wage Act, the New York Labor Law and its regulations and the Fair Labor Standards Act;

B. Plaintiffs' unpaid overtime wages due under the New York Labor Law and its regulations and the Fair Labor Standards Act;

C. An amount equal to the portion of table service and banquet gratuities unlawfully retained by Defendants due under New York Labor Law and the Fair Labor Standards Act;

D. An amount equal to the portion of table service and banquet gratuities unlawfully distributed by Defendants due under New York Labor Law and the Fair Labor Standards Act;

E. An amount equal to the reimbursable amount due under the New York Labor Law and its regulations for required uniform purchase and maintenance;

F. Liquidated damages pursuant to New York Labor Law §§ 1981(a), 663(1) and §216(b) of the Fair Labor Standards Act;

G. Compensatory damages for Defendants' breach of the banquet services contracts;

H.  Prejudgment interest; and

I.  The costs of this action, together with reasonable attorneys' fees, and such other and further relief as this Court deems necessary and proper.

## JURY TRIAL DEMAND

Plaintiffs request a jury trial on all issues so triable.

Dated: June 30, 2008

GALLET DREYER & BERKEY, LLP

By: _____
David T. Azrin, Esq.

845 Third Avenue, 8th Floor
New York, New York 10022
Tel. (212) 935-3131
Email: dta@gdblaw.com

*Co-Counsel for Plaintiffs*

FONG & WONG, PC
Robert Wong, Esq.
254 Canal Street
New York, New York 10013
Tel. (212) 966-6668
Email: robertwong@fongandwong.com

*Co-Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on the defendants on July 1, 2008, by mailing a copy to each of the defendants at 20 Elizabeth Street, New York, NY 10013.

_____
David T. Azrin