Michael J. DiMattia (MD-0473)
Philip A. Goldstein (PAG-0908)
McGuireWoods LLP
1345 Avenue of the Americas, 7th Floor
New York, New York 10105-0106
(212) 548-2100
Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X

FEI HANG CHEN, TAI HO WAN, LAN LIN, WEI : ECF
JIAN MA, HONG HUI SU, DANNY WONG a/k/a :
TIN CHO WONG, WAN YA WONG, WEI HUA : Case No: 08 CV 5404 (DC)
WU, XUE BIN ZHANG, YING JUN ZHAO, ZEN :
QUAN ZHAO, ZHONG LIU, and YOU SI HUANG, :
: ANSWER
Plaintiffs, :
:
-against- :
:
JING FONG RESTAURANT, INC., SHUI LING :
LAM, YAU MING LAM, CHUN TSUI, CHUNG KO :
CHENG, POK MAN LEUNG, and K. MING LAM, :
:
Defendants. :
:

------------------------------------------------------------------ X

      Defendants Jing Fong Restaurant, Inc., Shui Ling Lam, Yau Ming Lam, Chun Tsui, Chung Ko Cheng, Pok Man Leung, and K. Ming Lam (hereinafter sometimes referred to collectively as "Defendants") by and through their attorneys McGuireWoods LLP, answer the First Amended Complaint ("Complaint") as follows:

### AS TO THE PRELIMINARY STATEMENT

      1.    The allegations of Paragraph 1 contain a characterization of the Complaint by Plaintiffs that do not require any admissions or denials by Defendants. To the extent that

1

\6510711.1

Paragraph 1 contains any allegations, Defendants deny each and every allegation contained in the Paragraph 1 of the Complaint.

2. Deny each and every allegation in Paragraph 2 of the Complaint, except state that Jing Fong was the subject of litigation in 1997, that a settlement was reached in that 1997 litigation between the parties that was memorialized in a Settlement Agreement and that document speaks for itself.

3. Deny each and every allegation in Paragraph 3 of the Complaint, except state that Jing Fong was the subject of litigation in 1997, that a settlement was reached in that 1997 litigation between the parties that was memorialized in a Settlement Agreement and that document speaks for itself.

4. Deny each and every allegation in Paragraph 4 of the Complaint.

5. Deny each and every allegation in Paragraph 5 of the Complaint.

6. Deny each and every allegation in Paragraph 6 of the Complaint.

7. Deny each and every allegation in Paragraph 7 of the Complaint, except admit that certain Plaintiffs are required to wear uniforms.

8. Deny each and every allegation in Paragraph 8 of the Complaint.

9. Deny each and every allegation in Paragraph 9 of the Complaint.

## AS TO JURISDICTION AND VENUE

10. Deny each and every allegation contained in Paragraph 10 of the Complaint, except admit that Plaintiffs purport to base jurisdiction on the statutes cited therein.

11. Deny each and every allegation contained in Paragraph 11 of the Complaint, except admit that Plaintiffs purport to base supplemental jurisdiction on the statutes cited therein.

12. Deny each and every allegation contained in Paragraph 12 of the Complaint, except admit that Plaintiffs purport to base venue on the statutes and reasons cited therein.

## AS TO THE PARTIES

## AS TO THE PLAINTIFFS

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint, except admit that Plaintiff Fei Hang Chen is an employee of Jing Fong.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint, except admit that Plaintiff Tai Ho Wan is an employee of Jing Fong.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint, except admit that Plaintiff Lan Lin is an employee of Jing Fong.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint, except admit that Plaintiff Wei Jian Ma is an employee of Jing Fong.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint, except admit that Plaintiff Hong Hui Su is an employee of Jing Fong.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint, except admit that Plaintiff Danny Wong a/ka/ Tin Cho Wong was an employee of Jing Fong.

\6510711.1

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint, except admit that Plaintiff Wan Ya Wong is an employee of Jing Fong.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint, except admit that Plaintiff Wei Hua Wu is an employee of Jing Fong.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint, except admit that Plaintiff Xue Bin Zhang is an employee of Jing Fong.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint, except admit that Plaintiff Ying Jun Zhao is an employee of Jing Fong.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint, except admit that Plaintiff Zen Quan Zhao is an employee of Jing Fong.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint, except admit that Plaintiff Zhong Liu is an employee of Jing Fong.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint, except admit that Plaintiff You Si Huang was an employee of Jing Fong.

**AS TO THE DEFENDANTS**

26. Admit the allegations in Paragraph 26 of the Complaint.

\6510711.1

27. Admit the allegations in Paragraph 27 of the Complaint.

28. Deny each and every allegation contained in Paragraph 28 of the Complaint, except admit that Defendant Shui Ling Lam is a shareholder and officer of Jing Fong.

29. Deny each and every allegation contained in Paragraph 29 of the Complaint, except admit that during certain periods of time Defendant Yau Ming Lam has been a manager of Jing Fong and had certain duties relating to Jing Fong's administration of its employee practices and policies.

30. Deny each and every allegation contained in Paragraph 30 of the Complaint, except admit that Defendant Chun Tsui is a shareholder and manager of Jing Fong.

31. Deny each and every allegation contained in Paragraph 31 of the Complaint, except admit that Defendant Chung Ko Cheng is a shareholder of Jing Fong.

32. Deny each and every allegation contained in Paragraph 32 of the Complaint, except admit that Defendant Pok Man Leung is a shareholder of Jing Fong.

33. Deny each and every allegation contained in Paragraph 33 of the Complaint, except admit that during certain periods of time Defendant K. Ming Lam has been a manager of Jing Fong and had certain duties relating to Jing Fong's administration of its employee practices and policies.

## AS TO THE STATEMENT OF FACTS

34. Deny each and every allegation contained in Paragraph 34 of the Complaint, except admit that certain of the individual Defendants have been employees of Jing Fong.

35. Deny each and every allegation contained in Paragraph 35 of the Complaint, except admit that there are federal and state labor law requirements regarding minimum wage and tip distribution and that Defendants are fully complying with all such laws.

36. Deny each and every allegation contained in Paragraph 36 of the Complaint, except admit that in 1997 the Attorney General of the State of New York brought a proceeding and a group of Jing Fong employees brought a separate action against Defendant Jing Fong before this Court and that the complaints filed in both proceedings speak for themselves.

37. Deny each and every allegation contained in Paragraph 37 of the Complaint, except admit that in 1997 Defendant Jing Fong entered into an Assurance of Discontinuance with the Attorney General of the State of New York which contained an express disclaimer of wrongdoing or liability and that document speaks for itself.

38. Deny each and every allegation contained in Paragraph 38 of the Complaint, except admit that in 1997 Defendant Jing Fong entered into a Settlement Agreement with plaintiffs who were Jing Fong employees which contained an express disclaimer of wrongdoing or liability and that document speaks for itself.

39. Deny each and every allegation contained in Paragraph 39 of the Complaint, except admit that in 1997 Defendant Jing Fong entered into an Assurance of Discontinuance with the Attorney General of the State of New York and in 1997 Defendant Jing Fong entered into a Settlement Agreement with the plaintiffs who were Jing Fong employees both of which contained an express disclaimer of wrongdoing or liability and that these documents speak for themselves.

40. Deny each and every allegation contained in Paragraph 40 of the Complaint, except admit that in 1997 Defendant Jing Fong entered into an Assurance of

\6510711.1

Discontinuance with the Attorney General of the State of New York and that this document speaks for itself.

41. Deny each and every allegation contained in Paragraph 41 of the Complaint, except admit that in 1997 Defendant Jing Fong entered into an Assurance of Discontinuance with the Attorney General of the State of New York and that this document speaks for itself.

42. Deny each and every allegation contained in Paragraph 42 of the Complaint, except admit that in 1997 Defendant Jing Fong entered into an Assurance of Discontinuance with the Attorney General of the State of New York and in 1997 Defendant Jing Fong entered into a Settlement Agreement with the plaintiffs who were Jing Fong employees and that these documents speak for themselves.

43. Deny each and every allegation contained in Paragraph 43 of the Complaint, except admit that 29 U.S.C. § 206 sets the federal requirements for minimum wages, that this statute speaks for itself, and that Defendants have fully complied with this statute.

44. Deny each and every allegation contained in Paragraph 44 of the Complaint, except admit that New York Labor Law § 652 sets the New York State requirements for minimum wages, that this statute speaks for itself, and that Defendants have fully complied with this statute and that 12 N.Y.C.R.R. 137-1.2 is a minimum wage order for the restaurant industry promulgated by the New York State Department of Labor, that this regulation speaks for itself, and that Defendants have fully complied with this regulation.

45. Deny each and every allegation contained in Paragraph 45 of the Complaint.

\6510711.1

46. Deny each and every allegation contained in Paragraph 46 of the Complaint, except admit that New York Labor Law § 196-d sets the New York State requirements for gratuities, that this statute speaks for itself, and that Defendants have fully complied with this statute.

47. Deny each and every allegation contained in Paragraph 47 of the Complaint, except admit that New York Labor Law § 196-d sets the New York State requirements for gratuities, that this statute speaks for itself, and that Defendants have fully complied with this statute.

48. Deny each and every allegation contained in Paragraph 48 of the Complaint, except admit that New York Labor Law § 196-d sets the New York State requirements for gratuities, that this statute speaks for itself, and that Defendants have fully complied with this statute and that New York Labor Law § 652 sets the New York State requirements for minimum wages, that this statute speaks for itself, and that Defendants have fully complied with this statute.

49. Deny each and every allegation contained in Paragraph 49 of the Complaint, except admit that 29 U.S.C. § 203(m) sets the federal requirements for notifying employees about the tip credit, that this statute speaks for itself, and that Defendants have fully complied with this statute.

50. Deny each and every allegation contained in Paragraph 50 of the Complaint.

51. Deny each and every allegation contained in Paragraph 51 of the Complaint.

\6510711.1

52. Deny each and every allegation contained in Paragraph 52 of the Complaint.

### AS TO THE FIRST CAUSE OF ACTION
**Minimum Wages Under the Fair Labor Standards Act**

53. Repeat and reallege each and every response to the allegations contained in Paragraphs 1 through 52 of the Complaint as if fully set forth herein.

54. Admit that Jing Fong employed Plaintiffs within the meaning of the FLSA.

55. Admit the allegations in Paragraph 55 of the Complaint.

56. Deny each and every allegation contained in Paragraph 56 of the Complaint.

57. Deny each and every allegation contained in Paragraph 57 of the Complaint.

### AS TO THE SECOND CAUSE OF ACTION
**Minimum Wages Under the New York Labor Law**

58. Repeat and reallege each and every response to the allegations contained in Paragraphs 1 through 57 of the Complaint as if fully set forth herein.

59. Admit that Plaintiffs were employed by Jing Fong within the meaning of the New York Labor Law.

60. Deny each and every allegation contained in Paragraph 60 of the Complaint.

61. Deny each and every allegation contained in Paragraph 61 of the Complaint.

\6510711.1

## AS TO THE THIRD CAUSE OF ACTION
### Overtime Wages Under the Fair Labor Standards Act

62. Repeat and reallege each and every response to the allegations contained in Paragraphs 1 through 61 of the Complaint as if fully set forth herein.

63. Admit that Plaintiffs were employed by Jing Fong within the meaning of the FLSA.

64. Admit the allegations in Paragraph 64 of the Complaint.

65. Deny each and every allegation contained in Paragraph 65 of the Complaint.

66. Deny each and every allegation contained in Paragraph 66 of the Complaint.

## AS TO THE FOURTH CAUSE OF ACTION
### Overtime Wages Under New York Law

67. Repeat and reallege each and every response to the allegations contained in Paragraphs 1 through 66 of the Complaint as if fully set forth herein.

68. Admit that Plaintiffs were employed by Jing Fong within the meaning of the New York Labor Law.

69. Deny each and every allegation contained in Paragraph 69 of the Complaint.

70. Deny each and every allegation contained in Paragraph 70 of the Complaint.

## AS TO THE FIFTH CAUSE OF ACTION
### Claim for Retained Gratuities Under the Fair Labor Standards Act

71. Repeat and reallege each and every response to the allegations contained in Paragraphs 1 through 70 of the Complaint as if fully set forth herein.

\6510711.1

72. Admit the allegations in Paragraph 72 of the Complaint.

73. Admit the allegations in Paragraph 73 of the Complaint.

74. Deny each and every allegation contained in Paragraph 74 of the Complaint.

75. Deny each and every allegation contained in Paragraph 75 of the Complaint.

76. Deny each and every allegation contained in Paragraph 76 of the Complaint.

**AS TO THE SIXTH CAUSE OF ACTION**
**Claim for Retained Gratuities Under**
**the New York Labor Law**

77. Repeat and reallege each and every response to the allegations contained in Paragraphs 1 through 76 of the Complaint as if fully set forth herein

78. Deny each and every allegation contained in Paragraph 78 of the Complaint, except state that Plaintiffs worked at Jing Fong and that these Plaintiffs received gratuities on certain occasions.

79. Deny each and every allegation contained in Paragraph 79 of the Complaint.

80. Deny each and every allegation contained in Paragraph 80 of the Complaint.

81. Deny each and every allegation contained in Paragraph 81 of the Complaint.

\6510711.1

## AS TO THE SEVENTH CAUSE OF ACTION
### Claim for Gratuities Controlled and Distributed by Defendants Under FLSA and New York Labor Law

82. Repeat and reallege each and every response to the allegations contained in Paragraphs 1 through 81 of the Complaint as if fully set forth herein.

83. Deny each and every allegation contained in Paragraph 83 of the Complaint, except state that Plaintiffs worked at Jing Fong and that these Plaintiffs received gratuities on certain occasions.

84. Deny each and every allegation contained in Paragraph 84 of the Complaint.

85. Deny each and every allegation contained in Paragraph 85 of the Complaint.

## AS TO THE EIGHTH CAUSE OF ACTION
### Reimbursement for Required Uniforms Under New York Labor Law

86. Repeat and reallege each and every response to the allegations contained in Paragraphs 1 through 85 of the Complaint as if fully set forth herein.

87. Deny each and every allegation contained in Paragraph 87 of the Complaint.

88. Deny each and every allegation contained in Paragraph 88 of the Complaint.

## AS TO THE NINTH CAUSE OF ACTION
### Compensation as Third Party Beneficiaries of Banquet Services Contracts

89. Repeat and reallege each and every response to the allegations contained in Paragraphs 1 through 88 of the Complaint as if fully set forth herein.

90. Deny each and every allegation contained in Paragraph 90 of the Complaint.

91. Deny each and every allegation contained in Paragraph 91 of the Complaint.

92. Deny each and every allegation contained in Paragraph 92 of the Complaint.

93. Deny each and every allegation contained in Paragraph 93 of the Complaint.

94. Deny the allegations set forth in the paragraph with the heading "Prayer for Relief".

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim, in whole or in part, upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims are barred in whole or in part because, at all times relevant hereto, Defendants have acted in good faith and have not violated any rights that may be secured to Plaintiffs under any federal, state, or local laws, rules, regulations or guidelines.

### THIRD DEFENSE

Plaintiffs' claims are barred in whole or in part based on the applicable statute of limitations.

### FOURTH DEFENSE

Each and every action taken by Defendants with respect to Plaintiffs was justified by business necessity.

\6510711.1

## FIFTH DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands.

## SIXTH DEFENSE

Plaintiffs' claims are barred in whole or in part because Defendants' actions at all times were motivated by legitimate business reasons.

## SEVENTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrines of waiver, estoppel, laches or ratification.

## EIGHTH DEFENSE

Plaintiffs' claims are barred by the parol evidence rule.

## NINTH DEFENSE

Plaintiffs' claims are barred in whole or in part because they have failed to satisfy the applicable statutory prerequisites for their purported claims.

## TENTH DEFENSE

Plaintiffs have failed to establish that any alleged violations were willful.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred in whole or in part because of their failure to mitigate their damages.

## TWELFTH DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs lack the requisite standing to bring a breach of contract claim.

## THIRTEENTH DEFENSE

Plaintiffs have failed to state a claim for punitive damages.

\6510711.1

## FOURTEENTH DEFENSE

Plaintiffs have failed to state a claim for prejudgment interest.

## FIFTEENTH DEFENSE

Plaintiffs have failed to state a claim for liquidated damages.

## SIXTEENTH DEFENSE

The relief sought by Plaintiffs is barred, in whole or in part, because, at all relevant times, Defendants acted in good faith with respect to Plaintiffs and had reasonable grounds to believe that their conduct did not violate any applicable law.

## SEVENTEENTH DEFENSE

The relief sought by Plaintiffs is barred, in whole or in part, by the fact that they were paid all compensation and benefits to which they were lawfully entitled and to which they voluntarily agreed and expected.

## EIGHTEENTH DEFENSE

Plaintiffs have failed to state a claim because any alleged deductions were authorized by the employees and were for the benefit of the employees.

## NINETEENTH DEFENSE

Defendants reserve the right to assert that some or all of Plaintiffs' claims and/or their demands for relief are barred or are otherwise not actionable because of the after acquired evidence doctrine and conduct of Plaintiffs if the facts reveal this to be the case upon completion of discovery.

## TWENTIETH DEFENSE

Plaintiffs' claims are barred in whole or in part because Defendants have fully complied with any notification requirements under federal, state and local law.

\6510711.1

## TWENTY-FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, based on the documentary evidence.

## TWENTY-SECOND DEFENSE

Plaintiffs' claims are barred because there was no contract between the parties.

## TWENTY-THIRD DEFENSE

Defendants reserve the right to assert additional affirmative and other defenses as they become known during the course of discovery.

WHEREFORE, Defendants demand judgment as follows:

a) Enter judgment dismissing the Complaint in its entirety with prejudice;

b) Granting Defendants the costs and disbursements incurred in connection with this action, including attorneys' fees; and

c) For such other and further relief as this Court deems just and proper.

Dated: August 29, 2008
      New York, New York

                              **McGUIREWOODS LLP**

                  By: _____
                         Michael J. DiMattia (MD-0473)
                         Philip A. Goldstein (PAG-0908)
                         McGuireWoods LLP
                         1345 Avenue of the Americas, 7th Floor
                         New York, New York 10156-0106
                         Counsel for Defendants

To:    David T. Azrin, Esq.
        Gallet Dreyer & Berkey, LLP
        845 Third Avenue, 8th Floor
        New York, New York 10022
        (212) 935-3131

        Robert Wong, Esq.
        Fong & Wong, PC
        254 Canal Street
        New York, New York 10013
        (212) 966-6668